UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EZRA BAPTIST, JULIET PEARCE, MARGARET LEWIS, JAMIE SANIN, CAROLYN LECHUSZA AQUALLO, and CHELSEA VILLALBA, on their own and on behalf of a class of similarly situated individuals who suffered excessive force during their unlawful arrests, and MICHELLE RIDDELL, on her own and on behalf of a class of similarly situated individuals unlawfully arrested,

                      Plaintiffs,

     vs.

DARRELL P. WHEELER in his individual capacity, SHERIFF JUAN FIGUEROA, in his individual capacity, OLIVIA BCHOR and THOMAS BRUSCA, as representatives of a defendant class of New York State Police Officers who violated plaintiffs' rights as set forth herein and who are sued in their individual capacities, DEPUTY SHERIFF HARDER, as a representative of a defendant class of members of the Ulster County Sheriff's Office who violated plaintiffs' rights as set forth herein and who are sued in their individual capacities, PO J. YUKOWEIC, Shield No. 16, as a representative of the class of members of the New Paltz State University Police who violated plaintiffs' rights as set forth herein and are sued in their individual capacities,

                      Defendants.
------------------------------------------------------------------x

Docket No. 24 Civ. 1478
(AMN)(TWD)

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

SOKOLOFF STERN, LLP
*Attorneys for Defendants*
*Sheriff Juan Figueroa and Sgt. James Harcher*
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 240544

Mark A. Radi
  Of Counsel

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

ARGUMENT ............................................................................................................................ 1

    THE COURT SHOULD DISMISS SHERIFF FIGUEROA AND SGT. HARCHER FROM THIS ACTION FOR LACK OF ALLEGED PERSONAL INVOLVEMENT, WHICH ALSO ENTITLES THEM TO QUALIFIED IMMUNITY ........................................................................................................... 1

CONCLUSION ......................................................................................................................... 6

# TABLE OF AUTHORITIES

Cases                                                                                                              Pages

*Acevedo v. Ross,*
  2019 WL 343246 (E.D.N.Y. Jan. 28, 2019) ................................................................. 4

*Clover Communities Beavercreek, LLC v. Mussachio Architects P.C.,*
  2024 WL 325378 (N.D.N.Y. Jan. 29, 2024) ................................................................. 5

*Durr v. Slator,*
  558 F. Supp. 3d 1 (N.D.N.Y. 2021) ............................................................................ 3

*In re New York City Policing During Summer 2020 Demonstrations,*
  548 F. Supp. 3d 383 (S.D.N.Y. 2021) ........................................................................ 3

*Jimenez v. Cnty. of Suffolk,*
  2025 WL 948348 (E.D.N.Y. Mar. 28, 2025) ............................................................... 4

*Parkinson v. Town of Niskayuna,*
  2023 WL 8574309 (N.D.N.Y. Dec. 11, 2023) ............................................................. 5

*Powell v. United States,*
  2024 WL 4329842 (E.D.N.Y. Aug. 20, 2024) ............................................................. 5

*Purdie v. Brown,*
  2015 WL 6741875 (S.D.N.Y. Nov. 3, 2015) ............................................................... 5

*Tangreti v. Bachmann,*
  983 F.3d 609 (2d Cir. 2020) ....................................................................................... 1

## ARGUMENT

### THE COURT SHOULD DISMISS SHERIFF FIGUEROA AND SGT. HARCHER FROM THIS ACTION FOR LACK OF ALLEGED PERSONAL INVOLVEMENT, WHICH ALSO ENTITLES THEM TO QUALIFIED IMMUNITY

Plaintiffs' opposition confirms the conclusory and speculative nature of their claims against Sheriff Figueroa and Sgt. Harcher. There is no dispute Plaintiffs "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020). Moreover, "there is no special rule for supervisory liability," and Plaintiffs must establish the alleged violation against a supervisory official directly. Id. Plaintiffs failed to meet their pleading burden with respect to Sheriff Figueroa and Sgt. Harcher.

**Sheriff Figueroa**

Plaintiffs' opposition clarifies their claims against Sheriff Figueroa are premised on 1) the complaint's allegation that he ordered deputies to unlawfully disperse and arrest protestors, (Ex. A ¶ 9); 2) a subsequently issued press release stating "a joint command center was established" by various law enforcement agencies, (Pl. Ex. 1); and 3) alleged direct involvement in approving/coordinating/directing tactics used by deputies against protestors from the joint command center. None sufficiently allege the Sheriff's personal involvement in a First or Fourth Amendment violation.

There is no allegation that Sheriff Figueroa personally engaged with any protestor on the scene. Plaintiffs' conclusory allegation that he ordered his deputies to unlawfully disperse/arrest individuals is not supported by any factual content. Plaintiffs do not specify the orders Sheriff Figueroa provided, to whom he provided orders, or allege such orders resulted in any constitutional violations by any specific Sheriff's Office deputies. The only allegation pertaining to any deputy is Sgt. Harcher's interaction with Riddell, but Plaintiffs do not allege Sheriff Figueroa ordered

1

Riddell's arrest, provided any instruction to Sgt. Harcher in connection with that (or any other) interaction, or that Sheriff Figueroa (who is not alleged to have been present in the field) was even aware of that interaction from the joint command center. Moreover, Riddell does not allege she was subjected to excessive force and is not included in the proposed excessive force class. (See Ex. A caption (naming Baptist and others on behalf of individuals "who suffered excessive force during their unlawful arrests" and only Riddell on behalf of individuals "unlawfully arrested").) Plaintiffs do not allege any other interactions by Sheriff's personnel with any other individuals, or specify any commands (either lawful or unlawful) issued by Sheriff Figueroa to any officer.

Sheriff Figueroa's post-incident press release – whether true or not – does not constitute a violation of the First or Fourth Amendment. Nor does its mention that a "joint command center was established" plausibly imply Sheriff Figueroa's personal involvement in any decision making or alleged unlawful action. The press release does not state the Sheriff made any tactical decisions, gave orders, or was even present at the joint command center, and, even if he was, mere presence at the command center does not plausibly equate to decision making or personal participation. Plaintiffs' hypothesis that Sheriff Figueroa must have directed officers or made tactical decisions that resulted in constitutional violations merely because was present at the command center is purely speculative and not supported by any factual allegations in the complaint. And, even if the press release reflects the Sheriff's knowledge of events, such knowledge does not plausibly indicate his direct participation in decision making.

Neither the complaint nor press release identify any orders given by Sheriff Figueroa or articulate how such orders were unlawful, specify to whom he gave orders or claim any specific deputies he ordered violated any rights, mention any tactics he approved or why such tactics were unlawful, allege his actions were based on the content of Plaintiffs' speech, or allege how the

Sheriff's orders/approvals resulted in any violation of constitutional rights. Such wholly conclusory and speculative allegations fail to state any plausible claim against Sheriff Figueroa and also entitle him to qualified immunity. See In re New York City Policing During Summer 2020 Demonstrations, 548 F. Supp. 3d 383, 410-11 (S.D.N.Y. 2021) ("With regard to the allegations that [Commissioner Shea] learned of the misconduct, 'Receipt of notice after the violation is insufficient to constitute personal involvement in the violation.' His praise of the NYPD's response suggests only that he approved of their tactics after the fact – not that he had any role in designing those tactics in the first place. And while Plaintiffs allege in conclusory fashion that in some instances the Commissioner "personally directed, promoted and/or condoned the deployments and operations that led to this violence," they plead no facts in support of that allegation.") (internal citation omitted).

**Sgt. Harcher**

Plaintiffs' claims against Sgt. Harcher are based only on his mere presence at the scene and the single alleged interaction with Riddell. First, Sgt. Harcher's mere presence in the field does not sufficiently demonstrate his personal involvement in any constitutional violations. Plaintiffs do not allege Sgt. Harcher interacted with any protestor or witnessed any alleged unlawful conduct that he could have stopped (other than Riddell, discussed below), and they allege no facts plausibly suggesting Sgt. Harcher's alleged actions were based on the content of Riddell's speech (they do not even allege Riddell was engaged in protected speech, only that she was present at the protest). Plaintiffs' assertion that Sgt. Harcher's presence means he "either conducted similar arrests or failed to intervene when witnessing constitutional violations" is wholly speculative and insufficient to allege personal involvement. See Durr v. Slator, 558 F. Supp. 3d 1, 20 (N.D.N.Y. 2021) (finding "Defendant Slator's presence alone does not establish his personal involvement as

he did not engage in the alleged use of force" where "Plaintiff's complaint does not assert that Defendant Slator kicked Plaintiff or had any physical interaction with Plaintiff other than formally arresting him"), 20-21 ("Additionally, Plaintiff's complaint fails to sufficiently allege that Defendant Slator failed to intervene during the excessive use of force as he failed to put forth any facts establishing that Defendant Slator had a realistic opportunity to intervene and prevent Defendant Silverman from kicking Plaintiff.").

The complaint references Sgt. Harcher only with respect to Riddell's arrest. Riddell, however, does not allege *any* officer used excessive force against her. (Ex. A ¶ 66(g).) She does not claim she was handcuffed tightly, suffered any injury, or any officer acted maliciously. Indeed, the complaints caption distinguishes between the other Plaintiffs who allege excessive force and Riddell who does not. Thus, Riddell fails to state a plausible excessive force claim against any officer, let alone as against Sgt. Harcher.

While Plaintiffs allege Sgt. Harcher was the "arresting officer," they do not allege he personally made physical contact with Riddell. Instead, they claim unnamed "officers" approached and handcuffed her. (Id.) This is impermissible group pleading that fails to sufficiently allege personal involvement. See Jimenez v. Cnty. of Suffolk, 2025 WL 948348, at *6 (E.D.N.Y. Mar. 28, 2025) (holding allegations that defendant "and others" insufficient to allege personal involvement in constitutional violation), *8 ("Group pleading like this does not give the defendants fair notice of the claims against them."); Acevedo v. Ross, 2019 WL 343246, at *4 (E.D.N.Y. Jan. 28, 2019) (finding failure to plausibly allege personal involvement where "plaintiff does not allege that any of the defendants used any physical force against him, other than to handcuff him"). This failure to plausibly allege Sgt. Harcher's personal involvement in the violation of any constitutional right also entitles him to qualified immunity.

4

**Abandoned Claims**

Plaintiffs do not dispute their claims for false arrest and seizure of their persons are duplicative. (Ex. A ¶¶ 113, 115.) The Court should, therefore, dismiss the seizure claim as redundant and abandoned. Parkinson v. Town of Niskayuna, 2023 WL 8574309, at *4 (N.D.N.Y. Dec. 11, 2023); Clover Communities Beavercreek, LLC v. Mussachio Architects P.C., 2024 WL 325378, at *2 (N.D.N.Y. Jan. 29, 2024) (dismissing claims as abandoned for failure to oppose) (citing cases); Powell v. United States, 2024 WL 4329842, at *7 (E.D.N.Y. Aug. 20, 2024) ("It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims."). Plaintiffs also failed to oppose dismissal of their claims for punitive damages against the individual defendants. The Court should strike such damages request as abandoned. Clover Communities Beavercreek, LLC, 2024 WL 325378, at *2; Purdie v. Brown, 2015 WL 6741875, at *8 (S.D.N.Y. Nov. 3, 2015) (striking request for punitive damages as abandoned for failure to oppose dismissal).

## CONCLUSION

For all of the foregoing reasons, Defendants Sheriff Juan Figueroa and Sgt. James Harcher, s/h/a Deputy Sheriff Harder, respectfully request this Court grant their motion and dismiss them from this action with prejudice, together with such other and further relief as this Court deems just, equitable, and proper.

Dated: Carle Place, New York
May 2, 2025

SOKOLOFF STERN LLP
*Attorneys for Defendants Sheriff Figueroa and Sgt. Harcher*

By: _____
Mark A. Radi
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 240544